CROW, J., District Judge,
dissenting:
I respectfully dissent from the court’s findings regarding the admissibility of evidence of other tractor rollover accidents. The majority recites the longstanding and undisputed rule of law that “before evidence of other accidents is admissible for any purpose, however, the party seeking its admission must show the circumstances *1243 surrounding the other accidents were substantially similar to the accident that is the subject of the litigation before the court. See Wheeler v. John Deere Co., 862 F.2d 1404, 1407 (10th Cir.1988).” The majority then correctly finds that plaintiff did not establish the substantial similarity of the tractor rollovers reported in the Arndt article to the accident that caused the death of Black.
Yet instead of finding an abuse of discretion in admitting such evidence at trial, the majority relies upon Kinser v. Gehl Co., 184 F.3d 1259 (10th Cir.1999), overruled on other grounds, Weisgram v. Marley Co., 528 U.S. 440, 446 n. 2, 456-57, 120 S.Ct. 1011, 145 L.Ed.2d 958 (2000), to permit Sevart to testify about the Arndt article because he is an expert, because evidence of other accidents would be inadmissible only because of its irrelevance, and because experts are “presumed to know what evidence is sufficiently trustworthy and probative to merit reliance.” In my view, Kinser does not warrant so broad a reading.
In Kinser, documents not admitted into evidence were used by plaintiffs expert witnesses as a partial basis upon which to assess defendant’s knowledge of hazards with that product and exercise of due care (or lack thereof) in product design. Testimony established that a committee of an organization to which the defendant belonged had discussed the hazards and resulting injuries. The court found that minutes of those meetings and correspondence between committee members were proper bases upon which the expert witness could rely for opinions regarding that manufacturer’s knowledge of possible hazards and/or design defects.'
Defendant additionally attacked the lack of proof of authenticity of such documents, prompting the court to state:
Rule 703, however, permits expert witnesses to base their opinions on evidence that is inadmissible under the hearsay, authentication, and best evidence rules. 29 Charles A. Wright and Victor J. Gold, Federal Practice and Procedure § 6273, at 311 (1997). “The rationale for this aspect of Rule 703 is that experts in the field can be presumed to know what evidence is sufficiently trustworthy and probative to merit reliance.” Id.
184 F.3d at 1275. I read this language as speaking solely to the issue posed: i.e., whether the expert could base his opinion on documents that had not been properly authenticated. I do not read this language to mean that an expert may testify to the content of articles upon which the expert relied regarding other accidents, merely because the substantial similarity test is driven by reliability or relevance concerns, as does the majority. In fact, Kinser separately addressed the issue of evidence of previous accidents, see 184 F.3d at 1273-74, applied the substantial similarity rule, and did not create, allude to, or condone use of the expert relevance/reliability test fashioned by the majority here.
The similarity of other accidents is generally not a matter within an expert’s area of special competence, but is a matter independently determined by the court. While the foundation establishing sufficient similarity may be laid in the presence of the jury, the preferable approach is for the trial judge to hold a hearing outside its presence. Rexrode v. American Laundry Press Co., 674 F.2d 826, 830 (1982). Further, the favored method of presenting evidence of other accidents is through the testimony of those familiar with such accidents. Johnson v. Colt Indus. Operating Corp., 797 F.2d 1530, 1534 n. 4 (10th Cir.1986). Sevart did not purport to have been familiar with the circumstances present in any of the 30,000 to 50,000 cases included in the Arndt article about which he testified.
*1244 Applying Kinser to the present situation permits an expert to testify about other accidents, similar or not, vitiating the rule that before evidence of other accidents is admissible for any purpose the party seeking its admission must show the circumstances surrounding the other accidents were substantially similar to the accident that is the subject of the litigation before the court. Although under Fed.R.Evid. 703 experts are given some latitude to testify to facts otherwise not admissible in evidence, the court must nonetheless ‘make a preliminary determination pursuant to Rule 104(a) whether the particular underlying data is of a kind that is reasonably relied upon by experts in the particular field in reaching conclusions.’ 3 J. Weinstein & M. Berger, Weinstein’s Evidence p. 703, at 703-16 (1982). The district court “may not abdicate its independent responsibilities to decide if the bases meet minimum standards of reliability as a condition of admissibility.” In re Agent Orange Prod. Liab. Litig., 611 F.Supp. 1223, 1245 (E.D.N.Y.1985), aff'd, 818 F.2d 187 (2d Cir.1987).
In my view, the admission of testimony about thousands of other accidents which were not shown to be substantially similar to plaintiffs constituted plain error, and improperly shifted the burden of proving dissimilarity to the defendants. Here, as in Wheeler, this error cannot be deemed harmless. 862 F.2d at 1409.
I further dissent from the finding that Sevart’s personal investigation of other accidents was admissible. In the majority’s view, Sevart established that the accidents he investigated were substantially similar to Black’s by stating that they involved “[sjmall tractors ... [u]sed primarily for mowing.” Sevart’s conclusion is no different than stating that all crashes of six-seat airplanes are sufficiently similar because they involve small aircraft used primarily for pleasure. No showing was made of similar horsepower, similar model or structure, similar gravity base, or similar circumstances under which the accidents occurred, as is required.
References to tractor rollovers were also made other than in Sevart’s testimony. Defendants failed to object to such evidence, although they had filed a motion in limine on this very issue. The majority finds defendants’ motion in limine insufficient to preserve defendants’ objection to such testimony. In my view, defendants sufficiently preserved their objection to this evidence.
Defendants’ motion in limine moved the court to exclude any testimony, evidence or reference by counsel to the following matters: “I. Dissimilar accidents or statistics regarding other roll-over accidents. II. Expert opinion testimony by plaintiffs expert, John B. Sevart, P.E.” Although defendants’ brief in support of its motion was short, it addressed these two issues separately, as did their motion. In my view, defendants’ pretrial motion in limine preserved the objection because the issue was fairly presented to the trial court, it is of a type which can be and usually is finally decided in a pretrial hearing, and the court unequivocally decided it against the defendants before trial in stating that defendants’ motion “is denied in its entirety.” See United States v. Mejia-Alarcon, 995 F.2d 982, 988 (10th Cir.1993). Although in an abundance of caution counsel should perhaps have renewed their objection at trial, defendants should not be prejudiced under these circumstances for having relied upon the court’s ruling on their motion in limine.
The majority further finds that a punitive damages instruction was proper because a reasonable jury could have found sufficient evidence that defendants acted with reckless disregard for the rights of others. The bulk of the evidence to which *1245 the majority refers is none other than that which I believe should have been excluded, as discussed above. The remainder of the evidence consisted of a general letter written by expert Sevart to defendants, which has little, if any, probative value on this issue because of his self interest in the matter.
The evidence was uncontradicted that defendants had never received a complaint of a rollover on this product, that the product in question is different from the general class of tractors because of its low center of gravity, that OSHA standards and engineering standards did not require a rollover protection system on this product, and that the evidence of rollovers related to tractors as a huge class of machinery and not to zero-turning radius lawn tractors. I see no basis for a finding of reckless disregard. Accordingly, I also respectfully dissent from the majority’s finding that the issue of punitive damages should have been submitted to the jury.